NAME: ORVIN SANTOS LEONEL

PRISON IDENTIFICATION/BOOKING NO.: F-34324

ADDRESS OR PLACE OF CONFINEMENT: SALINAS VALLEY STATE PRISON

P.O. BOX 1050, SOLEDAD, CA. 93960

Note: It is your responsibility to notify the Clerk of Court in writing of any change of address. If represented by an attorney, provide his name, address, telephone and facsimile numbers, and e-mail address.

FILED
2008 JUL 24 PM 2:02
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY ___

530
Fee Due

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ORVIN SANTOS LEONEL
FULL NAME (Include name under which you were convicted)
Petitioner,

v.

PEOPLE OF STATE OF CALIFORNIA.
NAME OF WARDEN, SUPERINTENDENT, JAILOR OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER
Respondent.

CASE NUMBER: CV08-4874-SGL(FMO)
CV CC154541
To be supplied by the Clerk of the United States District Court

☐ _____ AMENDED

PETITION FOR WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY
28 U.S.C. § 2254

PLACE/COUNTY OF CONVICTION: SANTA CLARA County
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(List by case number)
CV CC454541
CV H030381

### INSTRUCTIONS - PLEASE READ CAREFULLY

1. To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2. In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge the judgment entered by a different California state court, you must file a separate petition.

3. Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4. Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5. You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

5. You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

6. When you have completed the form, send the original and two copies to the following address:
Clerk of the United States District Court for the Central District of California
United States Courthouse
ATTN: Intake/Docket Section
312 North Spring Street
Los Angeles, California 90012

LODGED
CLERK, U.S. DISTRICT COURT
JUL 23 2008
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C § 2254)
Page 1 of 10

PLEASE COMPLETE THE FOLLOWING: (*Check appropriate number*)

This petition concerns:
1. ☒ a conviction and/or sentence.
2. ☐ prison discipline.
3. ☐ a parole problem.
4. ☐ other.

# PETITION

1. Venue
   a. Place of detention  Santa Clara County
   b. Place of conviction and sentence  Santa Clara County Superior Court

2. Conviction on which the petition is based (*a separate petition must be filed for each conviction being attacked*).
   a. Nature of offenses involved (*include all counts*): (Count 1) Attempted Premediated Murder.. (Count 2) Shooting At An Inhavited Dwelling House...
   b. Penal or other code section or sections: "Count 1" (664/187)... "Count 2" (246)

   c. Case number: CC. 454541
   d. Date of conviction: 3/21/06
   e. Date of sentence: 6/28/2006
   f. Length of sentence on each count: "Count 1" 15 years to Life "Count 2" 20 years Term pursuant to Section 12022.53.
   g. Plea (*check one*):
      ☒ Not guilty
      ☐ Guilty
      ☐ Nolo contendere
   h. Kind of trial (*check one*):
      ☒ Jury
      ☐ Judge only

3. Did you appeal to the California Court of Appeal from the judgment of conviction?    ☒ Yes ☐ No
   If so, give the following information for your appeal (*and attach a copy of the Court of Appeal decision if available*):
   a. Case number: H.030381
   b. Grounds raised (*list each*):
      (1) The Trial Court Committed Prejudicial Error By Allowing The Prosecutor To Introduce Out-of-Court Statments Of The C.D. Defendant.

(1) (●) - WHICH IMPLICATED APPELLANT...
(2) (●) THERE IS INSUFICIENT EVIDENCE TO SUPPORT THE PENAL CODE SECTION 246
  (●) CONVICTION..
(3) (●) THE TRIAL COURT COMMITTED PREJUDICAL ERROR BY FAILING TO INSTRUCT
  (●) SUA, SPONTE, WITH PENAL CODE SECTION 246.3 AND SAN JOSE MUNICIPAL CODE SECTION -1032.010. LESSER INCLUDED OFFENSES OF SHOOTING AT AN INHABITED DWELLING HOUSE.

c. Date of decision: NOV. 12, 2007.
d. Result  DENY."

4. If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision?  ☒ Yes  ☐ No

   If so give the following information (and attach copies of the Petition for Review and the Supreme Court ruling if available):
   a. Case number: H030381
   b. Grounds raised (list each):
   (1) (●) PENAL CODE SECTION 246 CANNOT BE VIOLATED BY A CONSCIOUS DISREGARD-TYPE
     (●) OF SHOOTING
   (2) (●) THE JURY MUST BE INSTRUCTED WITH THE CONSCIOUS DISREGARD THEORY OF
     (●) GUILT..
   (3) (●) LESSER INCLUDED OFFENSE INSTRUCTION
     (●) _____
   c. Date of decision: FEB. 21, 2008
   d. Result DENY."

5. If you did not appeal:
   a. State your reasons   N/A."

   b. Did you seek permission to file a late appeal?  ☐ Yes  ☒ No

6. Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?
   ☐ Yes  ☒ No

   If so, give the following information for each such petition (use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available):

a. (1) Name of court: __"N/A"__
   (2) Case number: ____
   (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: ____
   (4) Grounds raised *(list each)*:
   (a) ____
   (b) ____
   (c) ____
   (d) ____
   (e) ____
   (f) ____
   (5) Date of decision: ____
   (6) Result ____

   (7) Was an evidentiary hearing held?   ☐ Yes   ☒ No

b. (1) Name of court: __"N/A"__
   (2) Case number: ____
   (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: ____
   (4) Grounds raised *(list each)*:
   (a) ____
   (b) ____
   (c) ____
   (d) ____
   (e) ____
   (f) ____
   (5) Date of decision: ____
   (6) Result ____

   (7) Was an evidentiary hearing held?   ☐ Yes   ☒ No

c. (1) Name of court: __N/A.__
   (2) Case number: ____
   (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: ____
   (4) Grounds raised *(list each)*:
   (a) ____
   (b) ____

(c) _____
(d) _____
(e) _____
(f) _____

(5) Date of decision: ___"N/A"_____

(6) Result _____

(7) Was an evidentiary hearing held?    ☐ Yes   ☒ No

7. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the <u>facts</u> supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

   **CAUTION:** *Exhaustion Requirement*: In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court. This means that, prior to seeking relief from the federal court, you first must present <u>all</u> of your grounds to the California Supreme Court.

   a. Ground one: __NEXT PAGE__

   (1) Supporting FACTS: __NEXT PAGE__

   (2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☒ Yes   ☐ No
   (3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☒ Yes   ☐ No
   (4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☐ Yes   ☒ No

   b. Ground two: __NEXT PAGE__

   (1) Supporting FACTS: __NEXT PAGE__

   (2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☒ Yes   ☐ No
   (3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☒ Yes   ☐ No

Ground One..

# THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ALLOWING THE PROSECUTOR TO INTRODUCE OUT-OF-COURT STATEMENTS OF THE CO-DEFENDANT WHICH IMPLICATED APPELLANT; REVERSAL IS REQUIRED.

Supporting Facts.

## 1. **Introduction**

Over appellant's objections (1RT 32-34; 4RT 652, 705-707, 718, 720), the prosecutor introduced evidence of co-defendant Argomaniz's recorded from-jail telephone conversations in which he and others mention appellant. The out-of-court statements contained in these conversations implicated appellant in the charged offenses. As a result, appellant was prejudiced. His rights to due process, confront the witnesses against him, and a fair trial under the Fifth, Sixth, and Fourteenth Amendments and their California counterparts were violated. Reversal is required.

## 2. **The facts**

Prior to trial, counsel for Argomaniz made an *Aranda-Bruton* objection to recorded telephone conversations of appellant. (1RT 26-33.) Appellant's counsel "incorporate[d]" this argument as to the telephone conversations of Argomaniz. Counsel argued that parts of the conversations "implicate [appellant] for not only being at the scene, but being the shooter." (1RT 33-34.) The trial court ruled the conversations were admissible. (1RT

LeonelAOB         13

34-36.)

During trial, appellant's counsel noted that he was planning to "renew my objection" to the "jail calls." The trial court replied, "[t]hat's fine." (4RT 652.)

Before the prosecutor introduced the first of the Argomaniz's recorded telephone calls (2CT 309-314, P. Ex. 39a), counsel objected on "an *Aranda-Bruton* grounds" and "a *Crawford* ground." Counsel relied on the "right under the Sixth Amendment to cross-examination." (4RT 705-707.) The trial court overruled the objection (4RT 707), as it did regarding two other conversations. (4RT 718, 720.) The tape-recorded telephone calls were played for the jury. (4RT 707, 718, 722; 2CT 309-339.)

### 3. The trial court committed prejudicial error.

Under *People v. Aranda* (1965) 63 Cal.2d 518, 47 Cal.Rptr.353 and *Bruton v. United States* (1968) 391 U.S. 123, 88 S.Ct. 1620, the admission of an out-of-court statement of a non-testifying co-defendant which implicates the defendant violates the defendant's Sixth Amendment right to confrontation. The Court in *People v. Fletcher* (1996) 13 Cal.4th 451, 460-461, 53 Cal.Rptr.2d 572, 576-577 discussed the *Aranda-Bruton* rule:

> "Before this court's 1965 decision in *People v. Aranda, supra,* California had followed the rule that in a joint trial of two defendants, a confession by one that implicated both was admissible in evidence, provided only that the trial court instructed the jury to disregard the confession when determining the guilt or innocence of the nondeclarant. In *Aranda,* however, we acknowledged that this procedure had been criticized on the ground that it required jurors to perform

*[handwritten: Ground Two..]*

**B. THERE IS INSUFFICIENT EVIDENCE TO SUPPORT THE PENAL CODE SECTION 246 CONVICTION; THEREFORE, COUNT THREE MUST BE REVERSED.**

*[handwritten: Supporting Facts.]* **1. <u>Introduction</u>**

In count 3, appellant was charged with and convicted of a violation of Penal Code section 246, discharge of a firearm at an inhabited dwelling house. However, there is no evidence that appellant shot *at* any house or intended to hit any *house*. He shot specifically at David Herrera only (or maybe also at Rosie Herrera). Further, the jury's specific intent to kill finding as to the attempted murder of David Herrera, of which appellant was found guilty, establishes that appellant did not act with the general intent necessary for a section 246 conviction. Therefore, the section 246 conviction must be reversed.

**2. <u>Standard of review</u>**

In determining whether sufficient evidence supports the finding of second degree murder, this Court must apply the "whole record" substantial evidence standard of review. As stated in *People v. Cuevas* (1995) 12 Cal. 4th 252, 260, 48 Cal. Rptr. 2d 135, 140:

> "Under this standard, the court 'must review the whole record in the light most favorable to the judgment below to determine whether it discloses *substantial evidence* — that is, evidence which is reasonable, credible, and of solid value — such that the trier of fact could find the defendant guilty beyond a reasonable doubt... The focus of the substantial evidence test is on the *whole* record of evidence presented to the trier of fact, rather than on '"isolated bits of evidence."'"

LeonelAOB            19

## GROUND THREE

**THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO INSTRUCT SUA SPONTE WITH PENAL CODE SECTION 246.3 AND SAN JOSE MUNICIPAL CODE SECTION 10.32.010, LESSER INCLUDED OFFENSES OF SHOOTING AT AN INHABITED DWELLING HOUSE; REVERSAL OF COUNT THREE IS REQUIRED.**

SUPPORTING FACTS.

### 1. Introduction

Under the statutory elements test, Penal Code section 246.3, discharge of a firearm in a grossly negligent manner, is a lesser included offense of Penal Code section 246. Under the accusatory pleading test for instruction on lesser included offenses, a violation of San Jose Municipal Code section 10.32.010 proscribing discharge of a gun within city limits is also a lesser included offense of shooting at an inhabited dwelling house. Where a defendant is charged with this latter greater offense, the trial court is required to instruct *sua sponte* regarding the lesser offenses of discharge of a gun, if warranted by the evidence. In the instant case, the jury should have been given the option of finding

LeonelAOB

23

appellant guilty of the lesser gun discharge offenses as an alternative to shooting at an inhabited dwelling house. The failure to so instruct prejudicially violated appellant's rights to due process, a fair trial, a jury trial, and fundamental fairness under the Fifth, Sixth, Eighth and Fourteenth Amendments, as well as the analogous provisions of the California Constitution. As a result, reversal of count 3 is required.

### 2. Standard of Review

In the instant case, there was substantial evidence from which the jury could readily have found appellant not guilty of shooting at an inhabited dwelling house and guilty of the lesser included offenses of negligent discharge and discharge of a gun within city limits. In such a situation, the failure to instruct the jury regarding the lesser included offenses require reversal. This is so because the absence of "...the 'third option' of convicting on a lesser included offense would seem inevitably to enhance the risk of an unwarranted conviction." (*Beck v. Alabama* (1980) 447 U.S. 625, 637, 100 S.Ct. 2382, 2389.)

Relying on *Beck*, the Court in *Hopper v. Evans* (1982) 456 U.S. 605, 610-611, 102 S.Ct. 2049, 2052-2053 explained:

> "The *Beck* opinion considered the alternatives open to a jury which is...unable to convict a defendant of a lesser included offense when there was evidence which, if believed, could reasonably have led to a verdict of guilt of a lesser offense. ...we concluded that 'in every case [it] introduce[s] a level of uncertainty and unreliability into the factfinding process that cannot be tolerated...' [Citation.]
> ***

(4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☒ No

c. Ground three: _____
_____

(1) Supporting FACTS: _____
_____
_____
_____
_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal? ☒ Yes ☐ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☒ Yes ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☒ No

d. Ground four: _____N/A_____
_____

(1) Supporting FACTS: _____
_____
_____
_____
_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal? ☐ Yes ☐ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☐ Yes ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☐ No

e. Ground five: _____N/A_____
_____

(1) Supporting FACTS: _____
_____
_____
_____
_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal? ☐ Yes ☐ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☐ Yes ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☐ No

8. If any of the grounds listed in paragraph 7 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: **N/A**

9. Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?
   ☐ Yes  ☒ No

   If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:
   a. (1) Name of court: **N/A**
      (2) Case number: _____
      (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____
      (4) Grounds raised *(list each)*:
         (a) _____
         (b) _____
         (c) _____
         (d) _____
         (e) _____
         (f) _____
      (5) Date of decision: _____
      (6) Result _____

      (7) Was an evidentiary hearing held?   ☐ Yes  ☒ No

   b. (1) Name of court: **N/A**
      (2) Case number: _____
      (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____
      (4) Grounds raised *(list each)*:
         (a) _____
         (b) _____
         (c) _____
         (d) _____
         (e) _____
         (f) _____
      (5) Date of decision: _____
      (6) Result _____

(7) Was an evidentiary hearing held?   ☐ Yes   ☒ No

10. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect to this judgment of conviction?   ☐ Yes   ☒ No
    If so, give the following information *(and attach a copy of the petition if available)*:
    (1) Name of court: _____ *N/A*
    (2) Case number: _____
    (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____
    (4) Grounds raised *(list each)*:
        (a) _____
        (b) _____
        (c) _____
        (d) _____
        (e) _____
        (f) _____

11. Are you presently represented by counsel?   ☐ Yes   ☒ No
    If so, provide name, address and telephone number: _____ *N/A*

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding,

X_____
*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _____       _____
                *Date*                              *Signature of Petitioner*

__Urvin Santos Leonel.__
*Petitioner*

DECLARATION IN SUPPORT
OF REQUEST
TO PROCEED
IN FORMA PAUPERIS

_____
*Respondent(s)*

I, __Urvin Santos Leonel.__, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed? ☐ Yes  ☒ No

   a. If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer. __"N/A"__

   b. If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received. __Never work.__

2. Have you received, within the past twelve months, any money from any of the following sources?
   a. Business, profession or form of self-employment?   ☐ Yes  ☒ No
   b. Rent payments, interest or dividends?              ☐ Yes  ☒ No
   c. Pensions, annuities or life insurance payments?    ☐ Yes  ☒ No
   d. Gifts or inheritances?                             ☐ Yes  ☒ No
   e. Any other sources?                                 ☐ Yes  ☒ No

   If the answer to any of the above is yes, describe each source of money and state the amount received from each during the past twelve months: __"N/A"__

3. Do you own any cash, or do you have money in a checking or savings account? *(Include any funds in prison accounts)*
   ☐ Yes  ☒ No
   If the answer is yes, state the total value of the items owned: __"N/A"__

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property? *(Excluding ordinary household furnishings and clothing)* ☐ Yes ☒ No

    If the answer is yes, describe the property and state its approximate value: ___N/A___

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support: ___N/A___

I, declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Executed on __7/13/08__
          *Date*

X _____
          *Signature of Petitioner*

## CERTIFICATE

I hereby certify that the ~~Petitioner herein has the sum of $~~ SALINAS VALLEY STATE PRISON ACCOUNTING DEPARTMENT  ___0___ on account to his credit at the ___P.O. BOX 1020  SOLEDAD, CA 93960-1020___ institution where he is confined. I further certify that Petitioner likewise has the following securities to his credit according to the records of said institution: _____

__7/21/08__
  *Date*

__L. Macias__
  *Authorized Officer of Institution/Title of Officer*

```
 1
 2                                              Case Number: _____
 3
 4
 5
 6
 7
 8
 9                     CERTIFICATE OF FUNDS
10                              IN
11                     PRISONER'S ACCOUNT
12
13         I certify that attached hereto is a true and correct copy of the prisoner's trust account
14   statement showing transactions of  Leonel, Orbin  F34324   for the last six months
15   at
16         SALINAS VALLEY STATE PRISON
           ACCOUNTING DEPARTMENT
           P.O. BOX 1020                      [prisoner name]
17         SOLEDAD, CA 93960-1020
           _____ where (s)he is confined.
18              [name of institution]
19         I further certify that the average deposits each month to this prisoner's account for the
20   most recent 6-month period were $ ___0___ and the average balance in the prisoner's
21   account each month for the most recent 6-month period was $ ___0___
22
23   Dated:  7/21/08              L. Macias
24                                _____
                                  [Authorized officer of the institution]
25
26
27
```

```
REPORT ID: TS3030   .701                                        REPORT DATE: 07/21/08
                                                                   PAGE NO:       1
                        CALIFORNIA DEPARTMENT OF CORRECTIONS
                           SALINAS VALLEY STATE PRISON
                           INMATE TRUST ACCOUNTING SYSTEM
                           INMATE TRUST ACCOUNT STATEMENT

                     FOR THE PERIOD: JAN. 01, 2008 THRU JUL. 21, 2008

ACCOUNT NUMBER : F34324                       BED/CELL NUMBER: FCB6T2000000210U
ACCOUNT NAME   : LEONEL, ORBIN SANTOS         ACCOUNT TYPE: I
PRIVILEGE GROUP: A
                              TRUST ACCOUNT ACTIVITY

       << NO ACCOUNT ACTIVITY FOR THIS PERIOD >>

                              CURRENT HOLDS IN EFFECT
    DATE          HOLD
   PLACED         CODE         DESCRIPTION               COMMENT         HOLD AMOUNT
  ----------      ----    --------------------------   -----------     -------------
  07/10/2008      H114    COPAY FEE, MED.              0092 COPAY              5.00

                               TRUST ACCOUNT SUMMARY

   BEGINNING        TOTAL          TOTAL          CURRENT         HOLDS         TRANSACTIONS
    BALANCE        DEPOSITS      WITHDRAWALS      BALANCE        BALANCE        TO BE POSTED
  ------------   ------------   -------------   ------------   ------------   ---------------
       0.00          0.00            0.00           0.00           5.00              0.00
```

THE WITHIN INSTRUMENT IS A CORRECT
COPY OF THE TRUST ACCOUNT MAINTAINED
BY THIS OFFICE.
ATTEST: 7/21/08
CALIFORNIA DEPARTMENT OF CORRECTIONS
BY: R. Macias   SVSP
TRUST OFFICE

CURRENT
AVAILABLE
BALANCE
-------------
   5.00-
-------------



**SHERRI R. CARTER**
District Court Executive
and Clerk of Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
312 North Spring Street, Room G-8 Los
Angeles, CA 90012
Tel: (213) 894-7984

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

Thursday, July 24, 2008

ORVIN SANTOS LEONEL
F-34324
P.O. BOX 1050
SOLEDAD, CA 93960


Dear Sir/Madam:

A [X] Petition for Writ of Habeas Corpus was filed today on your behalf and assigned civil case number
    CV08- 4874 SGL (FMO)

A [ ] Motion pursuant to Title 28, United States Code, Section 2255, was filed today in criminal case
    number                   and also assigned the civil case number

Please refer to these case numbers in all future communications.

Please Address all correspondence to the attention of the Courtroom Deputy for:
   [ ] District Court Judge _____
   [X] Magistrate Judge    **Fernando M. Olguin**_____
at the following address:

[X] U.S. District Court            [ ] Ronald Reagan Federal           [ ] U.S. District Court
    312 N. Spring Street               Building and U.S. Courthouse        3470 Twelfth Street
    Civil Section, Room G-8            411 West Fourth St., Suite 1053     Room 134
    Los Angeles, CA 90012              Santa Ana, CA 92701-4516            Riverside, CA 92501
                                       (714) 338-4750

The Court must be notified within fifteen (15) days of any address change. If mail directed to your address of record is returned undelivered by the Post Office, and if the Court and opposing counsel are not notified in writing within fifteen (15) days thereafter of your current address, the Court may dismiss the case with or without prejudice for want of prosecution.

                                                      Very truly yours,

                                                      Clerk, U.S. District Court

                                                              HRASHAD
                                                      By: _____
                                                          Deputy Clerk

---

CV-17 (01/01)          **LETTER re FILING H/C PETITION or 28/2255 MOTION**