IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORVIN SANTOS LEONEL,<br><br>    Petitioner,<br><br>  vs.<br><br>MICHAEL S. EVANS, Warden,<br><br>    Respondent. | No. C 08-3829 JSW (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>(Docket No.6) |

## INTRODUCTION

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state court conviction. Petitioner has filed a motion to proceed *in forma pauperis*, which is now GRANTED (docket no. 6). This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was convicted of attempted murder and shooting at an inhabited dwelling in Santa Clara County Superior Court and sentenced to 15-years to life and 20 years on June 28, 2006. Petitioner's appeal to the California Court of Appeal and the petition for review to the California Supreme Court were denied in 2007 and 2008 respectively. Petitioner filed the instant federal habeas petition in the United States District Court for the Eastern District of California on July 24, 2008, which was subsequently transferred to this Court on August 4, 2008.

**DISCUSSION**

I     Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II    Legal Claims

The petition raises the following grounds for relief: (1) the admission of a co-defendant's statements violated Petitioner's rights to due process, a fair trial and to confront witnesses against him; (2) there was insufficient evidence to support the conviction; and (3) the trial court failed to instruct the jury on a lesser included offense. Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief. Accordingly, Respondent is ordered to respond to the petition as set forth below.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant

to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days the date the opposition is filed.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: April 2, 2009

_____
JEFFREY S. WHITE
United States District Judge

3