**FILED**

AUG - 3 2010

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| Orvin SANTOS Leonel, | Case Number 3-8-cv-3865-JSW-PR |
|---|---|
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| Raul LOPEZ, Acting Warden of California State Prison, Corcoran, | |
| Respondent. | |

Petitioner Orvin Santos Leonel, a state prisoner, stands convicted of attempted murder and shooting at an inhabited dwelling house. He raises three claims in his Petition for Writ of Habeas Corpus, all of which were raised and denied on appeal in a reasoned decision of the Court of Appeal of California, *People v. Santos*, No. H030381, 2007 WL 3077273 (Cal. Ct. App. Oct. 23, 2007).

*First*, Petitioner contends that his due-process right to a fair trial—specifically, his right "to be confronted with the witnesses against him," U.S. Const. amend. VI—was violated when the trial court admitted into evidence incriminating statements made by Petitioner's codefendant and a friend during casual telephone conversations that were legally recorded by the authorities. The Confrontation Clause prohibits the admission of most out-of-court testimonial statements, *Crawford v. Washington*, 541 U.S. 36 (2004); it does not apply to nontestimonial statements,

1  *Davis v. Washington*, 547 U.S. 813, 823–24 (2006). A testimonial statement "is typically a
2  solemn declaration or affirmation made for the purpose of establishing or proving some fact."
3  *Crawford*, 541 U.S. at 51 (internal quotation marks, brackets, and citation omitted).
4  Formulations of what constitutes a testimonial statement include

> ex parte in-court testimony or its functional equivalent—that is,
> material such as affidavits, custodial examinations, prior testimony
> that the defendant was unable to cross-examine, or similar pretrial
> statements that declarants would reasonably expect to be used
> prosecutorially; extrajudicial statements contained in formalized
> testimonial materials, such as affidavits, depositions, prior
> testimony, or confessions; statements that were made under
> circumstances which would lead an objective witness reasonably to
> believe that the statement would be available for use at a later trial.

10 *Id.* at 51–52 (internal quotation marks, italics, citations, and ellipsis omitted). "[A] casual
11 remark" by one friend to another is not testimonial. *Id.* at 51. The statements that Petitioner
12 challenges were casual remarks made by friends during telephone conversations that were not
13 believed to be available for use at a later trial—in other words, they were nontestimonial
14 statements, as the Court of Appeal correctly determined. *See Santos*, 2007 WL 3077273, at *7.
15 Because the Confrontation Clause does not apply to nontestimonial statements, Petitioner cannot
16 obtain relief on his first claim.

17  *Second*, Petitioner claims that there was insufficient evidence to support his conviction
18 for shooting at an inhabited dwelling house. He argues that he shot at two persons, David and
19 Rosie, who were in front of Rosie's house; he did not specifically intend to shoot at the house.
20 However, as the Court of Appeal recognized, the crime of shooting at an inhabited dwelling
21 house "is a general intent crime. There is no requirement that the defendant [specifically] intend
22 to strike the building. . . . A defendant who fires shots at a person who is standing in front of a
23 house harbors the requisite general intent." *Id.* at *3. Petitioner's argument that he lacked
24 specific intent is misplaced; the evidence that Petitioner intended to shoot and that he shot in the
25 direction of a house (which Petitioner tacitly admits when he states that he shot at two persons
26 who were in front of a house) is sufficient to sustain his conviction for shooting at an inhabited
27 dwelling house. Petitioner's second claim therefore lacks merit.

28  *Third*, Petitioner argues that the trial court violated his constitutional rights when it failed

Case No. 3-8-cv-3865-JSW-PR
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
(DPSAGOK)

to instruct the jury on lesser-included offenses. However, the Court cannot grant relief on this claim because "the failure of a state trial court to instruct on lesser included offenses in a non-capital case does not present a federal constitutional question," *Windham v. Merkle*, 163 F.3d 1092, 1106 (9th Cir. 1998), and therefore is not cognizable on federal habeas review.

Accordingly, and good cause appearing therefor, the Court hereby denies the Petition for Writ of Habeas Corpus and declines to issue a certificate of appealability. The Clerk shall enter judgment in favor of Respondent and close the file.

*It is so ordered.*

DATED: 08|03|10

JEFFREY S. WHITE
United States District Judge

3

Case No. 3-8-cv-3865-JSW-PR
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
(DPSAGOK)